UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

EVAN PENA,

                Defendant.

20-CR-612 (RMB)

ORDER

---

**I. Background**

On November 13, 2020, Evan Pena ("Pena" or "Defendant") pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(B) before Magistrate Judge Debra C. Freeman. *See* Hr'g Tr., dated Nov. 13, 2020, at 35. This Court accepted Pena's plea on December 23, 2020. *See* Order, dated Dec. 23, 2020 at 1 (ECF No. 29). On June 28, 2021, Pena was sentenced to an 88-month term of imprisonment followed by five years of supervised release. *See* Judgment, dated June 28, 2021 at 2 (ECF No. 39). Pena's guidelines range was 121 to 151 months of incarceration. *See* Presentence Investigation Report, dated Feb. 2, 2021, at 12 (ECF No 30).

On March 27, 2024, Defendant filed a *pro se* motion requesting that counsel be appointed "to see if [he] qualif[ied] for the Amendment 821 to the United State Sentencing Guidelines." *See* Def.'s Mot., dated Mar. 27, 2024, at 1 (ECF No. 40). Amendment 821 "eliminat[ed] up to 2 criminal history points, called 'status points,' if a defendant received status points for committing the offense while under a criminal justice sentence" and "provides for a two-level decrease in offense level for certain defendants with zero criminal history points." *See United States v. Ewing*, 14-CR-604-1(VB), 2024 WL 1250685 at *1 (S.D.N.Y. Mar. 21, 2024).

1

In response to Pena's motion for appointment of counsel, both the Government and the U.S. Probation Office argue that Defendant is not eligible for a sentence reduction under U.S.S.G. § 4A1.1(e) or § 4C1.1(a). *See* Gov't Letter, dated May 11, 2024 at 1 (ECF No. 43); Supplemental Presentence Investigation Report, dated Apr. 30, 2024 at 2 (ECF No. 41). The Government contends that Pena is "not eligible for a reduction in sentence because . . . [Pena] did not receive any 'status points' for committing the instant offense while under a criminal justice sentence, such that the narrowing of that Guidelines provision has no effect on his Guidelines range" and he "is ineligible for new Section 4C1.1's reduction because did not have zero criminal history points." *See* Gov't Letter at 2. The Probation Office states that Pena "fail[s] to meet the eligibility criteria" in that he did not "receive an enhancement for committing the instant offense while under a criminal justice sentence" and did not "have zero criminal history points" at sentencing, and so he is "precluded from a sentence reduction." Supplemental Presentence Investigation Report at 2. The Government also states that, because Pena is not eligible for a sentence reduction, the "request for appointment of counsel to prepare a sentence reduction motion on his behalf [] should be denied as futile." *Id.* at 2.

## II. Legal Standard

Amendment 821 provides for resentencing and a reduction to a defendant's sentence under two circumstances: (1) where a defendant committed their offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status"; and (2) where a defendant received zero criminal history points at sentencing. For defendants who committed their offense while "under a criminal justice sentence," Amendment 821 adjusts the number of status points assigned to those defendants. *See* U.S.S.G. § 4A.1.1. Those defendants who "receive[] 7 or more [criminal history] points" from other Guidelines provisions

2

have their status points reduced from two to one, while those defendants who receive 6 or fewer criminal history points have their status points reduced from two to zero. *See id.* For defendants who received zero criminal history points at sentencing, Amendment 821 provides for a two-level decrease in the Offense Level if defendant's offense did not include any of the (nine) exclusionary criteria listed in Section 4C1.1(a), such as the use of violence, possession of a firearm, an act of terrorism, or any of six other specific categories. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

Where it is "readily ascertainable from the record that [a defendant] is ineligible for a reduction in sentence, the court [does] not abuse its discretion by denying [a] motion for appointment of counsel." *See United States v. Cirineo*, 372 F. App'x 178, 179-80 (2d Cir. 2010).

### III. Analysis

Defendant does not meet the eligibility criteria for a sentence reduction. Pena is precluded from the status points adjustment because he was not assigned any status points for committing the instant offense while under a criminal justice sentence. And, he is precluded from the zero-point offender reduction because he had nine criminal history points at sentencing, not zero. *See* Supplemental Presentence Investigation Report, dated Apr. 30, 2024 at 2, 8 (ECF No. 41). "Because the defendant is not eligible for either the 'Status Points' adjustment or the 'Zero-Points Offender' offense level reduction, he is ineligible for a reduction under Amendment 821." *United States v. Gutierrez*, 21-CR-759(PKC), 2024 WL 1893066 at *1 (S.D.N.Y. Apr. 30, 2024).

Because Defendant "is ineligible for a sentencing reduction, there is no reason to appoint counsel." *United States v. Garcia*, 20-Cr-673 (JPC), 2024 WL 586459 at *2 (S.D.N.Y. Feb. 12, 2024) (*quoting* Cirineo, 372 F. App'x at 179-80).

3

## IV. Conclusion & Order

Based upon the record herein, Defendant's motion (ECF No. 40) is denied.

*RMB*

Richard M. Berman
United States District Judge

Dated: May 16, 2024
New York, New York

**Copies Mailed By Chambers**

4